# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
v. ) I.D. # 2003011505
)
DARREL COPELAND, )
)
Defendant. )

## ORDER GRANTING DEFENDANT'S
## MOTION FOR APPOINTMENT OF COUNSEL

This 13th day of June, 2023, upon consideration of Defendant Darrel Copeland's Motion for Appointment of Counsel, the Court finds that:

1. On September 21, 2021, following a jury trial, Copeland was convicted of one count of Possession of a Firearm by a Person Prohibited ("PFBPP"), one count of Possession of Ammunition by a Person Prohibited ("PABPP") and one count of Resisting Arrest.[1] Copeland was sentenced on April 26, 2022, to fifteen (15) years at Level V for PFBPP, for PABPP, 8 years at Level V suspended for 6 months at Level IV and for Resisting Arrest, 1 year at Level V, suspended for 1 year at Level III community supervision.[2] Copeland timely appealed his conviction to the Delaware Supreme Court, but voluntarily dismissed his appeal on October 6, 2022.[3]

---

[1] State v. Darrel Copeland, Criminal I.D. No. 2003011505, D.I. 19.
[2] D.I. 22, 23.
[3] D.I. 32.

2.     On October 20, 2022, Copeland filed a *pro se* motion for postconviction relief.[4]  On January 26, 2023, Copeland filed the instant Motion for Appointment of Counsel.[5]

3.     Due to the retirement of the trial and sentencing judge, Copeland's motions, while filed separately, were ultimately presented simultaneously upon judicial reassignment to the Court.[6]  Not only did the trial and sentencing judge retire, but during the pendency of Copeland's postconviction filings, his trial counsel retired, as well.  Therefore, understandable delays in obtaining an Affidavit of trial counsel necessarily occurred.[7]  During the course of the various reassignments, Copeland filed a motion to modify his sentence, which was denied by this Court on February 3, 2023.[8]

4.     Superior Court Rule 61(e)(1) states:

> Any indigent movant's request for appointment of counsel shall be filed contemporaneously with the movant's postconviction motion. Failure to file a contemporaneous request for appointment of counsel with the movant's postconviction motion may be deemed a waiver of counsel.[9]

---

[4]     D.I. 33.
[5]     D.I. 39.
[6]     D.I. 46.
[7]     D.I. 40, 42, 49.  Trial counsel was twice granted an extension in filing an Affidavit due to the logistical issues that were presented in reviewing case files post-retirement.
[8]     D.I. 37, 41.
[9]     Super. Ct. Crim. R. 61(e)(1).

Despite the fact that this was not done here, in this unique circumstance where both the trial judge and sentencing counsel have retired during the short time frame between his sentence and postconviction filing, the Court will use its afforded discretion and overlook the potential procedural bar to Defendant's instant motion as no prejudice has occurred to either party.

5. Under Superior Court Criminal Rule 61 ("Rule 61"), this Court *must* appoint counsel to represent an indigent defendant who requests such appointment and who files a first timely motion for post-conviction relief only in limited circumstances, namely if the motion seeks to set aside: (i) a judgment of conviction after a trial that was affirmed upon direct appellate review and the conviction was for a crime designated as a Class A, B, or C felony; (ii) a judgment of conviction after a trial that was affirmed upon direct appellate review and resulted in a sentence under 11 *Del. C.* § 4214(b); or (iii) a sentence of death.[10] These circumstances are not applicable in Copeland's case because while he was convicted after trial, he did not receive a death sentence.

6. In cases in which a defendant is found guilty following trial, as Copeland was in this case, this Court *may* appoint counsel to represent a defendant in a first timely motion for post-conviction relief if: (i) the conviction was affirmed by final order upon direct appellate review; (ii) the motion sets forth a substantial

---

[10] Super. Ct. Crim. Rule 61(e)(1).

claim that the movant received ineffective assistance of trial or appellate counsel; (iii) the movant sets forth a substantial claim that the movant is in custody in violation of the United States Constitution or the Delaware Constitution; (iv) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[11]

7.      As noted above, this is Copeland's first motion for postconviction relief filed in this case.  Affording Copeland a liberal reading of his postconviction motion in conjunction with the instant motion for appointment of counsel, the Court will once again use its discretion, given the severity of the charges and the unique set of circumstances surrounding the procedural history of this motion, and finds that counsel shall be appointed.  Therefore, the motion is **GRANTED.**

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge


Original to Prothonotary

cc:    Samuel Kenney, Deputy Attorney General
        Darrel Copeland, *pro se*, SBI# 00618335
        Stephanie Volturo, Office of Conflicts Counsel

---

[11] *Id*. at 61(e)(4).

4